IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-50932
Conference Calendar
_____

TONY RAY MITCHELL,

Plaintiff-Appellant,

versus

VERONICA BALLARD, Director, Texas Board of Pardons and
Paroles Division, and in her official capacity; VICTOR
RODRIGUEZ, Chairman, Texas Department of Criminal Justice
Parole Division and in his official capacity; TEXAS
DEPARTMENT OF CRIMINAL JUSTICE - PAROLE DIVISION, in their
official capacity; CRAIG JEFFRIES, Interim Director of the
Texas Department of Criminal Justice Parole Division; GERALD
GARRETT, Chairman of the Texas Board of Pardons and Paroles,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. W-99-CV-204
--------------------
April 12, 2001

Before JOLLY, HIGGINBOTHAM, and JONES, Circuit Judges.

PER CURIAM:[*]

Tony Ray Mitchell, Texas prisoner # 488816, has filed a

motion for leave to proceed *in forma pauperis* (IFP) on appeal,

following the district court's dismissal of his 42 U.S.C. § 1983

action for failure to state a claim upon which relief may be

granted.  By moving for IFP status, Mitchell is challenging the

district court's certification that IFP status should not be

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

granted on appeal because his appeal is not taken in good faith. See Baugh v. Taylor, 117 F.3d 197, 202 (5th Cir. 1997).

Mitchell has not shown that he will raise a nonfrivolous issue on appeal. Mitchell argues that he is entitled to prospective injunctive relief prohibiting the Texas Board of Pardons and Paroles from considering criminal charges which were dismissed and expunged by a state court in making future parole determinations in violation of his due process rights. Because Mitchell does not have a protected liberty interest in parole, he may not challenge the Texas Board of Pardons and Paroles' procedures in making future parole determinations on due process grounds. See Johnson v. Rodriguez, 110 F.3d 299, 308 (5th Cir. 1997).

Mitchell's request for IFP status is DENIED, and his appeal is DISMISSED as frivolous. See Baugh, 117 F.3d at 202 & n.24; 5TH CIR. R. 42.2. Mitchell is cautioned that the district court's dismissal of this action and this court's dismissal of this appeal both count as "strikes" pursuant to 28 U.S.C. § 1915(g). See Adepegba v. Hammons, 103 F.3d 383, 388 (5th Cir. 1996). Mitchell is also reminded that this court imposed the 28 U.S.C. § 1915(g) bar in Mitchell v. Bowman, No. 00-10687 (5th Cir. Feb. 14, 2001), during the pendency of this appeal, and that he may not proceed IFP in any civil action or appeal while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. Mitchell's "Emergency Motion for Judicial Notice" is denied.

MOTIONS DENIED; APPEAL DISMISSED; 28 U.S.C. § 1915(g) BAR REMAINS IN EFFECT.